Jeffrey W. Kusmick
1 Champlain Way
Franklin Park, NJ 08823-1721
T: 732.310.5714
e: jwkArchitect@pobox.com
Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JEFFREY W. KUSMICK,** | : | Case No. _____ |
| *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| **NAJI ABISLEIMAN; THE ESTATE OF** | : | |
| **DAVID NAIM ABISLEIMAN; NADIA** | : | |
| **ABISLEIMAN AS EXECUTIX OF THE** | : | |
| **ESTATE OF DAVID NAIM ABISLEIMAN;** | : | **RECEIVED** |
| **NADIA ABISLEIMAN, Individually;** | : | |
| **REA LLC.; MYK BUILDERS, LLC.;** | : | APR 2 0 2023 |
| **YOUSUF KHAN, Individually;** | : | |
| **AQEEL KHAN, Individually; GRO** | : | AT 8:30_____M |
| **ARCHITECTS, PLLC.; RICHARD** | : | CLERK, U.S. DISTRICT COURT - DNJ |
| **GARBER, Individually; NICOLE** | : | |
| **ROBERTSON, Individually; CITY OF** | : | |
| **NEW BRUNSWICK; DANIEL DOMINGUEZ,** | : | |
| **Individually; ZEE ENGINEERING,** | : | |
| **LLC.; ZULFIQARA CHOWDRY,** | : | |
| **Individually; CONSULTING** | : | |
| **ENGINEERS, 1-10; JOHN AND JANE** | : | |
| **DOES 1-10;** Jointly and | : | |
| Severally, | : | |
| *Defendants* | : | |
| | : | |

### COMPLAINT

### (Copyright Infringement - Injunctive Relief Demanded)

1.    Plaintiff, Jeffrey W. Kusmick, an individual hereby files

this Complaint against the Defendants, captioned herein above, for Copyright Infringement, Contributory Infringement, Vicarious Infringement, Breach of Contract, Tortious Interference with Contract Relations, Book Account, etc., Attorney's Fees, Litigation Expenses, Costs, Statutory and/or Compensatory Damages pursuant to the Copyright Law of the United States of America, Title 17 U.S.C.A. § 101 *et seq.* (herein "Copyright Act").

## **PARTIES**

2.   Plaintiff, Jeffrey W. Kusmick, (herein "Kusmick") is a Registered Architect licensed within the State of New Jersey having his business address at 1 Champlain Way, Franklin Park, 08823, within Franklin Township, Somerset County, New Jersey.

3.   Defendants, Naji Abisleiman, and The Estate of the late David Naim Abisleiman, (herein "Abisleimans") are individuals having entered into a contract for architectural services with Kusmick in or about 2015 (herein "Contract"), and whose residential address is a 2 Pucillo Lane, Somerset, 08873, within Franklin Township, Somerset County, New Jersey.

4.   Defendant, Nadia Abisleiman, (herein "Nadia") is the wife of the late David Naim Abisleiman, who passed away in July of 2019, and also serves as the Executrix of The Estate of David Naim Abisleiman.  Nadia individually is further named herein as the

2

primary beneficiary of Mr. David Naim Abisleimen's estate, having a residential address at 2 Pucillo Lane, Somerset, 08873, within Franklin Township, Somerset County, New Jersey.

5.    Defendant, REA, LLC., (herein "REA") is a Limited Liability Company within New Jersey, having its registered agent as Defendant, Naji Abisleiman, whose registered agent's address is 2 Pucillo Lane, Somerset, 08873, within Franklin Township, Somerset County, New Jersey.   REA is named herein as the owner of the property within the City of New Brunswick, having an address of 48-50 Easton Avenue and is further identified as Block 49, Lot 30.01 within the County of Middlesex, New Jersey (herein "Subject Property").   The late David Naim Abisleimen was the sole owner of the Subject Property and transferred his ownership to Defendant REA in or about 2017 after execution of the Contract with Plaintiff Kusmick.

6.    Defendant, MYK Builders, LLC., (herein "MYK") is a Limited Liability Company within New Jersey, having its registered agent as Defendant Aqeel Khan (herein "Aqeel K."), whose main business address for MYK, as well as its registered agent's address, as 6 Saxon Court, Freehold, New Jersey, 07728.

7.    Defendant, Aqeel Khan, (herein "Aqeel K.") named individually herein, is the CEO of Defendant, MYK Builders, LLC., and its registered agent, whose main business address is 6 Saxon

Court, Freehold, New Jersey, 07728.

8.  Defendant, Yousuf Khan, (herein "Yousuf K.") named individually herein, is employed or is a member of Defendant, MYK Builders, LLC., whose main business address is 6 Saxon Court, Freehold, New Jersey, 07728.

9.  Defendant, GRO Architects, PLLC., (herein "GRO") is a New York Domestic Professional Service Limited Liability Company, DOS ID #3359437, having its service of process via the New York Secretary of State as Agent.  GRO is not registered as a foreign entity to conduct business in the State of New Jersey.

10.  Defendant, Richard Garber, (herein "Garber") named individually herein, is a New Jersey Registered Architect who is employed at GRO or is a member of GRO having a business address of 125 Maiden Lane, Suite 506, New York, NY, 10038.

11.  Defendant, Nicole Robertson, (herein "Robertson") named individually herein, is a New Jersey Registered Architect who is employed at GRO or is a member of GRO having a business address of 125 Maiden Lane, Suite 506, New York, NY, 10038

12.  Defendant City of New Brunswick, New Jersey (herein "New Brunswick") is a government entity having its business address located at 78 Bayard Street, New Brunswick, New Jersey 08901.  It is believed and therefore alleged that Defendant New Brunswick contributorily infringed upon Kusmick's copyrights by inducing

4

certain other Defendants named herein to directly infringe upon Kusmick's copyright protected architectural design and technical drawings (herein "Blueprints/Plans") to effectuate or facilitate the issuance of a partial foundation permit in violation of the Copyright Act, without having to file a new site plan application with Defendant, New Brunswick's, Planning Board.

13. Defendant Daniel Dominguez (herein "Dominguez") named individually herein, is Defendant City of New Brunswick's, Director of Planning and Economic Development and is named individually herein. It is believed and therefore alleged that Defendant Dominguez contributorily infringed upon Kusmick's copyrights by inducing certain other Defendants named herein to directly infringe upon Kusmick's copyright protected Blueprints.

14. Defendant Zee Structural Engineering, LLC., is (herein "Zee") is a Limited Liability Company within New Jersey, having its registered agent as Defendant Zulfiqara Chowdry (herein "Chowdry"), whose main business address for Zee, as well as its registered agent's address, as 564 Ridgewood Blvd., Washington Township, New Jersey, 07676. Zee maintains a Certificate of Authorization from the New Jersey State Board of Engineers and Land Surveyors having License No: 24GA28230400.

15. Defendant Zulfiqara Chowdry (herein "Chowdry") named individually herein, is a New Jersey Professional Engineer who is

the President of ZEE having a business address of 564 Ridgewood Blvd., Washington Township, New Jersey, 07676.

16. Defendants, Consulting Engineers, 1-10, are unknown corporate and/or legal entities named herein that are believed to have infringed on JWK's copyright protected Blueprints.

17. John and Jane Does, 1-10, are unknown individuals named herein that are believed to have infringed on JWK's copyright protected Plans.

## JURISDICTION AND VENUE

18. Pursuant to 28 U.S.C. § 1331 and § 1338(a), this Court has original subject matter jurisdiction over the actions which arise from the Defendant(s)' copyright infringement of Plaintiff's Architectural Work or Technical Drawings/Maps.

19. Pursuant to 17 U.S.C. § 502, and 17 U.S.C. § 503, this Court has original jurisdiction to provide relief as requested by Plaintiff or as deemed just and proper by the Court.

20. Pursuant to 28 U.S.C. § 1391, and 28 U.S.C. § 1400(a) this venue is proper within this District and Trenton vicinage because the Defendants resides or conducts business within this District and vicinage.

21. Pursuant to 28 U.S.C. § 1367(a) (contract), this Court has supplemental jurisdiction over the actions which arise from the Defendants Abisleimans' breach of Kusmick's contract with the

6

Abisleimans, and tortious interference with contract relations, because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## GENERAL ALLEGATIONS

22.  In or about 2004, Kusmick and the Abisleimans had a prior contractual relationship for architectural services related to the design and preparation of construction drawings for a three-story commercial building (herein "Prior Contract") located on the same lot and block as noted above.  Kusmick completed the Prior Contract's scope of work except for the construction contract administration portion, since the Abisleimans' abandon the project prior construction due to their failure to obtain construction financing.

23.  At the time of completing the Prior Contract and the Abisliemans' abandonment of the commercial building project, Kusmick was owed approximately $23,000. in architectural fees.

24.  As payment for the prior fee owed to Kusmick, both Kusmick and the Abisleimans entered into an oral agreement to provide architectural services to prepare an architectural design, referred to as Phase I, for a standalone four-story mixed use building containing two (2) ground floor retail/commercial tenant stores with three stories of residential apartments above.  The mixed use

building known as the Abisleiman Apartment Building located within Block 49, Lot 30.01, situated in the City of New Brunswick, Middlesex County, New Jersey (herein "Project").

25.  Said oral agreement also included that upon Planning Board approval of the Project, the parties would enter into a contract for full architectural services to provide the Phase II portion which included design development of the Project, the preparation of Technical/construction drawings, and also providing construction contract administration during construction operations.

26.  In or about March 2015, the Project received unanimous approval by Defendant, New Brunswick's Planning Board, with certain conditions that required revisions to the Project's exterior building elevations.  Said revisions were made by Kusmick in his revised Architectural Design drawings, dated March 23, 2015, noted as "TAC Revisions, and accepted by the Planning Board's Planning Consultant, Mr. Bignell.

27.  Said Architectural Design drawings, dated March 23, 2015, noted as "TAC Revisions, represented Kusmick's Architectural Work and Technical Drawings that were, in part, submitted to the Copyright Office for registration.

28.  On or about April 16, 2015, Kusmick entered into a written Contract for Architectural Services with the Abisleimans (herein "Contract").

29. At the time of the Contract's execution, the Abisleimans paid Kusmick the Contract's stated retainer monies in the amount of $10,000.00, paid in two separate $5,000.00 postdated checks. Kusmick's Contract fee was based on a 5% fee of the overall cost to construct the Project.

30. Said Contract for architectural services included the Design Development of the Project, the preparation of Technical/construction drawings (herein "Plans"), and also for contract administration during construction operation of the Project.

31. After receiving the retainer monies from the Contract, Kusmick began developing the Plans for the Project.

32. It is believed and therefore alleged, that Defendant David Naim Abisleiman, at the time in or about March 16, 2017, transferred his sole interest in the Subject Property to Defendant REA in an effort to shield him personally from any future judgments or liability.

33. On or about August 20, 2018, the Contract was amended having Kusmick and the Abisleimans entering into the First Amendment to the Contract for Architectural Services (herein "First Amendment"). Said First Amendment, in essence required Kusmick to prepare an expedited set of Technical/construction drawings to facilitate the Abisleimans in their filing for a construction

9

permit. Kusmick's fee for the expedite set of drawings was a lump sum amount of $80,000.00 out of the 5% fee based on the overall construction cost noted above.

34. After executing the First Amendment to the Contract, Kusmick submitted to Defendant Abisleimams Invoice No. 1, dated October 3, 2018, in the amount of $64,450.00 in accordance with the First Amendment to the Contract's terms, which included a $450.00 charge as an additional service. The Abisleimans remitted only $32,000.00 to Kusmick.

35. In or about October 2018, Kusmick completed and forwarded to the Abisleimans Kusmick's Partial Plans consisting of Architectural drawings A-00 through A-23, and Structural drawings S-01 through S-14 for their printing and to facilitate their filing of a partial building permit for footings/foundations construction work. After the Abisleimans printed said Architectural and Structural drawing, Kusmick signed and sealed two (2) sets of Technical/construction drawings ("herein "Footing Plans"), and the Abisliemans filed the signed and sealed Footing Plans for the partial building permit with the Defendant, New Brunswick, in accordance with the Contract's terms.

36. After the Footing Plans were submitted, Project delays occurred resulting from Defendant New Brunswick not issuing the partial building permit for the footing and foundation until March

10

of 2020; from delays in the Abisleimans remitting payment for Kusmick's invoices; and delays from the Abisleimans obtaining construction loan financing from Crown Bank.

37.  In or about March 2020, Defendant, New Brunswick, issued the partial building permit for the footing/foundation construction work to begin.

38.  In or about 2020, the Abisleimans hired Mr. Mourad Cario as their Construction Manager (herein "CM") to start excavation work and to bid and obtain construction prices from multiple contractors.

39.  During the course of excavation work, the Abisleimans needed to seek a loan modification due to the economic climate changing resulting in higher material and labor costs.

40.  In or about August 2020, the Abisleimans and the CM, requested a design change to the structural system from an all concrete frame system, that was part of the Contracted scope of work, to a hybrid design.

41.  The CM requested the Abisleimans to hire, DHNS Engineering, Inc. (herein "DHNS"), to redesign the Project's structural system to a concrete hybrid, whereby the system would be a reinforced concrete system up to the building's second floor with wood framed bearing wall system above having wood trussed floor construction.

42.  The Abisleimans hired DHNS to redesign the Project's

11

structural system in or about August 2020.

43. After DHNS was hired, they requested certain design revisions to the Project's basement and lot line perimeter as a cost saving measure.

44. The Abisleimans, DHNS, and the CM requested Kusmick to redesign the Project's footprint and basement whereby the lot line walls would be eliminated and the basement area would be reduced in size.

45. Kusmick redesigned the Project's footprint and basement plan and submitted the revised plans to Defendants, New Brunswick and Dominguez for approval. Said Defendants objected to the revised plans and required that they be submitted to Defendant New Brunswick's Planning Board for approval.

46. The Abisleimans, having objected to a second Planning Board submission/approval process for the revised plans, Defendant Abisleimans directed Kusmick to proceed with the Planning Board's 2015 and Defendant's Technical Advisory Committee's approved design.

47. In or about November 2020, Kusmick forward to DHNS the Project's basement plan, in an AutoCAD format, for their use in developing their structural drawings. The electronic e-mail with the attached basement plan drawing noted the following:

> "Please be advised the attached AutoCAD dwg. file is being provided to you solely for the purpose of preparing and coordinating your structural dwgs. for the Project.

Any unauthorized distribution of my intellectual property and copyright protected work is prohibited without my express permission."

48.    During the course of DHNS structural engineering work, Kusmick forwarded additional AutoCAD drawings for coordination purposes between DHNS drawings and Kusmick's Plans/ Technical/Construction drawings for the Project.

49.    Based on the Abisleimans' need for a loan modification to their construction loan with Crown Bank, both the Abisleimans and the CM requested Kusmick to complete the Technical/construction drawings in order to finalize the construction costs and to file for a full building permit including the Mechanical, Electrical, Plumbing, and Fire Sprinkler work.

50.    Kusmick continued during this time period to complete his Technical/construction drawings (i.e. Blueprints/Plans) while DHNS were completing their structural drawings.

51.    In or about November 2021, DHNS completed their structural drawings S-1 through S-20, which were submitted to Defendant New Brunswick as an amendment to Kusmick's partial footing and foundation building permit.

52.    In or about November 2021, Kusmick submitted to Defendant Abisleimans Invoice No. 2, dated November 11, 2021, in the amount of $32,536.00 in accordance with the First Amendment to the Contract's terms, which included a $450.00 charge as an additional service not

paid from the previous Invoice No. 1, and including $86.00 of reimbursable expenses owed to Kusmick. Based on prior payments made by the Abisleimans, the remaining balance due to Kusmick was $14,936.00 to Kusmick.

53.  Between August 2021 and November 2021, Kusmick issued his completed Blueprints/Plans for Architectural, Plumbing, HVAC, and Fire Sprinkler representing his completed Technical/construction drawings along with written project specifications.

54.  In or about February 2022, Kusmick issued his completed Blueprints/Plans for Electrical Power and Lighting Plans, along with additional revised Architectural Plans representing his completed Technical/ construction drawings.

55.  In or about June 2022, Kusmick issued his final portion of completed Electrical Lighting Control Plans, representing the last of his completed Technical/construction drawings for the Project. In total Kusmick issued approximately 130 Technical/construction drawings, along with written Project specifications, to the Abisleimans and their CM.

56.  After Kusmick's completed the Electrical Lighting Control Plans, he called Defendants Abisliemans regarding payment on Invoice No. 2 and was informed that the Abisleimans were waiting to close on their construction loan modification before payment can be made to.

57.  During the time between June 2022 and October 2022, the

14

Abisleimans disclosed to Kusmick that he had fired his CM and hired a new General Contractor, Defendant MYK, and that he began construction operations to install footings and the basement structure. The Abisleimans further disclosed to Kusmick that they also hired Defendant GRO Architects, PLLC.

58. Based on the footing and basement structure was being constructed, Kusmick sent to Defendants Abisleimans Invoice No. 3, dated November 28, 2022, which included billing 85% of Kusmick's fee of the overall 5% construction cost of 5.4 million dollars and further including billing 7.4% of the remaining Contract fee amount due to Kusmick for contract administration work during construction of the basement and footings. In addition, Invoice No. 3 also itemized Additional Architectural Services rendered to the Abisleimans for the requested redesign of the lot line perimeter walls and reduced basement size (Refer to ¶43. - ¶45.).

59. Due to non-payment of Kusmick's Invoice No. 2 and Invoice No. 3, Kusmick's attorney sent the Abisleimans, along with Defendant Nadia, individually and as Executrix, a notice of representation, demand for payment, and a cease and desist, letter dated January 3, 2023.

60. On or about February 13, 2023, Kusmick's attorney received an e-mail response from the Abisleimans' and Nadia's attorney, George G. Gussis, Esq., which in essence was not responsive to

Kusmick's demand for payment.

61.  Based on Abisleimans' failure to remit payments for Invoices No. 2 and No. 3, to Kusmick within thirty (30) days, Kusmick began sending Defendants, Abisleimans, and Nadia, as Executrix, Interest Invoices, No. 2A-Interest and No. 3A-Interest, both dated March 1, 2023, for accrued interest pursuant to the Contract's terms.

62.  Due to the material breach of the Contract by Defendants, Abisleimans, and Nadia as Executrix, Kusmick suspended his architectural services to the Abisleimans without notice due to outstanding invoice balances remaining due and owing to Kusmick.

63.  As of the date of this suit, Defendants, Abisleimans, Nadia, individually and as Executrix, have an outstanding contract balance in the amount of $225,428.94 due and owing to Kusmick.

## COUNT I

### (Copyright Infringement)

64.  The allegations contained in the General Allegation are repeated and re-alleged as if fully set forth herein.

65.  Plaintiff is the copyright owner and holder of Certificate of Registration VAu 1-327-518 for the Project's Architectural Work having an effective registration date of March 11, 2018.

66.  Plaintiff is also the copyright owner and holder of

16

Certification of Registration VAu 1-327-524 for the Project's Technical Drawings having an effective registration date of March 11, 2018.

67. Kusmick's Architectural Work and Technical Drawings contained within the drawings' title block was the notification "Copyright Protected – All Rights Reserved".

68. On or about January 3, 2023, Kusmick issued a Notice of Representation/Demand for Payment/Cease and Desist letter to Defendants, Nadia as Executrix, and Naji Abisleiman informing them of the material breach to the Contract and that they are no longer entitled to the use of Plaintiff's copyright protected drawings.

69. It is believed and therefore alleged, that Defendants Abisleimans, and Defendant Nadia, individually and as executrix of the Estate of David Naim Abisleiman, have infringed on Kusmick's copyrights by copying Kusmick's Design and Technical/construction drawings without authorization by electronically copying/ transmitting Kusmick's Plans to Defendants, MYK, Aqeel K., and Yousuf K.

70. It is believed and therefore alleged, that Defendants, MYK, Aqeel K., and Yousuf K., then infringed upon Kusmick's copyright protected architectural design and Technical/construction drawings, without Kusmick's express authorization, by electronically copying/transmitting Kusmick's Plans to Defendants, GRO, Garber, and

Robertson.

71.   It is believed and therefore alleged, that Defendants, MYK, Aqeel K., and Yousuf K., further infringed upon Kusmick's copyright protected architectural design and Technical/construction drawings, without Kusmick's express permission, by electronically copying/transmitting Kusmick's Plans to Defendants, Zee, and Chowdry.

72.   Based on Defendant Abisleimans unauthorized copying and electronic distribution to other named Defendants herein, said Defendants had access and a reasonable opportunity to view Kusmick's protected works.

73.   It is believed and therefore alleged, that Defendants, GRO, Garber, and Robertson, factually copied Kusmick's protected works by producing infringing drawings PB-000, PB-030, PB-100 through PB-104, PB-201 through PB-204, PB-301, PB-302, all dated July 2022, which have probative or substantial similarity to Kusmick's protective works, and distributed said infringing drawings to Defendants, New Brunswick, and Dominguez, for approval.

74.   It is believed and therefore alleged, that Defendants, GRO, Garber, and Robertson, factually copied Kusmick's protected works by producing additional infringing drawings PB-100 through PB-104, all dated 10-14-2022, characterized as a "request for de minimis changes" which have probative or substantial similarity to

Kusmick's protective works, and distributed said additional infringing drawings to Defendants, New Brunswick, and Dominguez, for approval.

75. It is believed and therefore alleged, that Defendants, Zee and Chowdry, factually copied Kusmick's protected works by producing infringing drawings, S-1, titled "Foundation Plan," and S-3, titled "1st Floor & Foundation Plan," which have probative or substantial similarity to Kusmick's protective works, and distributed said infringing drawings to Defendant, New Brunswick, as an amendment to the partial footings and foundation permit issued.

76. Plaintiff Kusmick having the exclusive rights within his Architectural Work and within his Technical Drawings did not authorize the reproduction and use of his protected work/Technical Drawings by the Defendants, Abisleimans, Nadia, nor to Defendants, MYK, Aqeel K., and Yousuf K., nor to Defendants, GRO, Garber, and Robertson, nor to Defendants, Zee, and Chowdry.

77. It is believed and therefore alleged, that the Defendants named herein this Count I having access to Kusmick's protected work were aware that Kusmick was the Architect of Record for the Project, and were on noticed that Kusmick's Plans were copyright protected.

78. It is believed and therefore alleged, that said copyright infringement by the Defendants named herein this Count I was willful and that the continuing use of the infringing articles by

Defendants, remain a continuing infringement as defined by the Copyright Act.

**WHEREFORE**, Plaintiff demands judgment in favor of Kusmick and against the Defendants, named herein within Count I, as follows:

a. The issuance of preliminary and/or final injunction pursuant to 17 U.S.C. § 502 to prevent or restrain infringement of Plaintiff's copyrights.

b. Judgment declaring Defendants, Abisleimans, Nadia, individually and as Executor, MYK, Aqeel K., and Yousuf K., GRO, Garber, and Robertson, Zee, and Chowdry, infringing parties pursuant to 17 U.S.C. § 501.

c. Judgment awarding Plaintiff statutory damages in accordance with the Copyright Act and against the Defendants.

d. Judgment for attorney fees, taxed costs, and litigation expenses of this action and any further relief that the Court deems just.

## COUNT II

### (Contributory Infringement)

79. The allegations contained in the General Allegation and Count I are repeated and re-alleged as if fully set forth herein.

80. It is believed and therefore alleged that Defendants, New Brunswick and Dominguez, have contributorily infringed on Kusmick's copyrights by facilitating Kusmick's copyright protected

Architectural Work and Technical/Construction drawings, without Kusmick's authorization, by approving Defendants, GRO, Garber, and Robertson, derivative/copied and protected Architectural Work, expressed in their drawings PB-030, PB-100, PB-101, PB-102, PB-103, and PB-104, PB-302, all dated June 29, 2022; drawings PB-000, PB-030, PB-100, PB-101, PB-102, PB-103, and PB-104, PB-201, PB_202, PB-203, PB-204, PB-301, and PB-302, all dated July 8, 2022; and subsequent revision-1 drawings, all dated July 12, 2022 (herein "GRO Plans"), contrary to Defendant New Brunswick's Municipal Code regarding amendments to approved planning board drawings pursuant to Municipal Code §16.24.180 (herein "NB Code").

81. Defendant New Brunswick's Municipal Code requires amendments to prior approved planning board designs be minor in nature, however, Defendants, GRO's, Garber's, and Robertson's, made two changes to the Project's elevations that were contrary to the Defendant's Planning Board conditional approval regarding the Project's elevations or façade, among other things. Said changes were to the façade's decorative articulation around the building's windows to eliminate the flat façade, as well as the elimination of the front elevation's Mohawk roof element containing the Project's elevator overrun and mechanical HVAC penthouse that was noted by Defendant New Brunswick's Planning Board as adding a "positive aesthetic dimension to the building."

82. Defendant Dominguez did not have Municipal authority to approve said façade changes that were not minor in nature but were either approved conditional changes to Defendant New Brunswick's Planning Board Resolution adopted March 10, 2015 (herein "Resolution") and/or integral to the granted approval.

83. It is believed and therefore alleged that Defendants, New Brunswick and Dominguez, granted approval of Defendants, GRO's, Garber's, and Robertson's derivative/copied work of Kusmick's protected Architectural Work and Technical drawings, noted above herein at ¶26. and ¶53., with the condition that the building's or Project's footprint was to remain unaltered.

84. It is believed and therefore alleged that said granted approval, noted above herein, materially contributed to or induced the infringement by Defendants, GRO, Garber, and Robertson.

85. It is believed and therefore alleged that Defendant Dominguez's acted outside of his Municipal authority by his approval of GRO's Plans which were contrary to New Brunswick's Resolution. Said approval was an abuse of his Municipal authority, pursuant to NB Code regulations §16.24.180.

**WHEREFORE,** Plaintiff demands judgment against Defendants, New Brunswick and Dominguez, for contributory infringement of Kusmick's copyright protected Plans as follows:

a. The issuance of preliminary and/or final injunction

pursuant to 17 U.S.C. § 502 to prevent or restrain infringement of Plaintiff's copyrights.

b. Judgment declaring Defendants, New Brunswick and Dominguez, contributorily infringed against Kusmick.

c. Judgment declaring Defendants, New Brunswick and Dominguez, infringing parties pursuant to 17 U.S.C. § 501.

d. Judgment declaring Defendants, New Brunswick's and Dominguez's, contributory infringement conduct against Kusmick wanton and willful.

e. Judgment awarding Plaintiff statutory damages against Defendants, New Brunswick and Dominguez, for their contributory infringement.

f. Judgment awarding Plaintiff pre-judgment and post-judgment interest.

g. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT III

### (Vicarious Infringement)

86. The allegations contained in the General Allegation and Count I and Count II are repeated and re-alleged as if fully set forth herein.

87. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., have vicariously infringed on

23

Kusmick's copyrights by electronic copying/transmitting and distributing, without Kusmick's authorization, his copyright protected Architectural Work and Technical/Construction drawings, to Defendants, GRO, Garber and Robertson, and to Defendants, Zee, and Chowdry.

88. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., were on notice that Kusmick's Plans were copyright protected (See ¶67. above herein).

89. It is believed and therefore alleged that Defendants, GRO, Garber and Robertson, and Defendants, Zee, and Chowdry copied elements of Kusmick's Plans without authorization.

90. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., met with Defendants, New Brunswick and Domenguez, along with Defendants, GRO, and Garber, and that MYK, Aqeel K., and Yousuf K., exercised their ability to supervise or control the infringing activity of Defendants, GRO, Garber and Robertson, and to Defendants, Zee, and Chowdry.

91. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., had a direct financial interest in the infringing activity of Defendants, GRO, Garber and Robertson, and to Defendants, Zee, and Chowdry. Said financial interest was to secure the General Contracting contract with Defendants, Abisleimans and Nadia, and to obtain approval from Defendants, New

Brunswick and Dominguez, such that, MYK, Aqeel K., and Yousuf K.,
can begin construction operations without having the Abisleimans
and Nadia file for a new site plan applications from Defendant, New
Brunswick's Planning Board, thereby resulting in further Project
delays.

**WHEREFORE**, Plaintiff demands judgment against Defendants, MYK,
Aqeel K., Yousuf K., for vicarious infringement of Kusmick's
copyright protected Plans as follows:

a.   The issuance of preliminary and/or final injunction
pursuant to 17 U.S.C. § 502 to prevent or restrain infringement of
Plaintiff's copyrights.

b.   Judgment declaring Defendants, MYK, Aqeel K., and Yousuf
K., vicariously infringed against Kusmick.

c.   Judgment declaring Defendants, MYK, Aqeel K., and Yousuf
K., infringing parties pursuant to 17 U.S.C. § 501.

d.   Judgment declaring Defendants, MYK's, Aqeel K's., and
Yousuf K's., vicarious infringement conduct against Kusmick wanton
and willful.

e.   Judgment awarding Plaintiff actual or statutory damages
against Defendants, MYK, Aqeel K., and Yousuf K., for their
vicarious infringement.

f.   Judgment awarding Plaintiff pre-judgment and post-
judgment interest.

g.   Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT IV

### (Breach of Contract)

92.   The allegations contained in the General Allegation, and Count I through Count III are repeated and re-alleged as if fully set forth herein.

93.   In summary, the Contract's and First Amendment to the Contract's terms allowed Abisleimans' requested design changes to the contracted scope of work be charged as an additional architectural service at the contracted rate of $175.00 per hour noted therein.

94.   Kusmick completed his contractual obligations to the Abisleimans including requested architectural changes during the construction document phase process.   Kusmick signed and sealed two (2) sets of construction/technical Blueprint drawings to the Abisleimans for the Abisliemans' filing for a partial footings/foundation permit.

95.   Defendant, New Brunswick, issued a partial footings/foundation permit in or about March 11, 2020, having permit number 20-0144 issue to Defendant, REA.

96.   Kusmick further signed and sealed two (2) sets of construction/technical Blueprint drawings to the Abisleimans for the

Abisliemans' filing for a full building construction permit with Defendant, New Brunswick.

97. In or about 2021, Defendant Abisleimans, and REA began construction operations by excavating the Subject Property.

98. As of the date of this suit, Defendants, Abisleimans, Nadia, and Nadia as Executrix, have not paid Invoices No. 2, dated November 13, 2021, on the Amended Contract, No. 3, dated November 28, 2022, on the Contract, in full, and has not paid Interest Invoices Numbered 2A-Interest and 3A-Interest, both dated March 3, 2023, for accrued interest on the unpaid balances due in accordance with the Contract's terms.

99. Said non-payment of invoices totaling $225,428.94 and continuing use of Plaintiff's copyright protected drawings are continuing breaches that go to the essence of the contract.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, as well as Defendant REA, as follows:

a. Judgment declaring Defendants, Abisleimans, Nadia individually, Nadia as Executrix, and REA, breached the Contract and Amended Contract.

b. Judgment awarding Plaintiff compensatory damages for total breach of the Contract and the Amended Contract, on the unpaid amount of $225,428.94 remaining Contract balance due and

owing to Kusmick.

c.   Judgment awarding Plaintiff pre-judgment and post-judgment simple interest pursuant to the Contract's terms at a rate of 1-1/2 percent per month on the unpaid contract balance owed to Plaintiff until paid in full.

d.   Judgment declaring Plaintiff's Contract and Amended Contract with Defendants Abisleimans, Nadia individually, and Nadia as Executrix, terminated and thereby, discharging Plaintiff from any and all duties and liabilities.

e.   Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT IV

### (Book Account)

100. The allegations contained in the General Allegations, Count I, and Count II are repeated and re-alleged as if fully set forth herein.

101. Plaintiff Kusmick and Defendants, Abisleimans, entered into a written Contract for architectural services regarding the preparation of design and construction drawings the Project, and further entered in a First Amendment to the Contract.

102. Pursuant to said Contract and First Amendment to the Contract, Plaintiff supplied architectural service and additional architectural services contracted for by Defendants, Abisleimans,

Nadia, and Nadia as Executrix, due to the passing of Mr. David Naim Abisleiman.

103. The fair and reasonable value of said architectural services, additional services, and reimbursable expenses provided is $225,428.94 as set forth in the Book Account as set forth in Schedule A attached hereto.

104. Defendants, Abisliemans, Nadia, and Nadia as Executrix, have an unpaid Contract balance of $225,428.94 including accrued contract interest as set forth in Schedule A.

105. Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, owes Kusmick for billed goods and services rendered to the Defendants, Abisleimans, and Nadia, a total amount of $225,428.94 including continuing accrued interest at 1-1/2 percent per month as set forth in Schedule A.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, as well as Defendant REA, follows:

a)   Judgment awarding Plaintiff compensatory damages and pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent per month on the unpaid Contract balance amount owed to Plaintiff until paid in full.

b.   Judgment declaring Plaintiff's contract with Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, terminated

and thereby, discharging Plaintiff from any remaining duties and liabilities.

c. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT V

### (Quantum Meruit)

106. The allegations contained in the General Allegations, Counts I through IV are repeated and re-alleged as if fully set forth herein.

107. Plaintiff Kusmick has provided substantial goods and services to the Defendants Abisleimans, Nadia individually, and Nadia as Executrix, with a fair and reasonable value of $225,428.94 as set forth in Schedule A.

108. Since April 1, 2023, Defendants Abisleimans, Nadia, and Nadia as Executrix, have used the contract/construction drawings and blueprints prepared by Plaintiff to facilitate Abisleimans' filing for a construction permit, to obtain a partial footings and foundation permit, and in obtaining various construction bids.

109. As such, Defendants Abisleimans, Nadia individually, and Nadia as Executrix, have benefited from Plaintiff Kusmick's supply of said construction drawings/blueprints.

110. Defendants Abisleimans, Nadia individually, and Nadia as Executrix, have wrongfully failed and/or refused to pay Plaintiff

30

Kusmick the outstanding invoiced balances due of $225,428.94, including accrued contracted simple interest, despite Plaintiffs' due demands therefore.

111. Based on the fair and reasonable value noted in ¶107 of this count, Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, owes Plaintiff for goods and services rendered to the Defendant Coastal in the amount of $225,428.94 as set forth in Schedule A attached hereto including the fair and reasonable value of accrued simple interest noted in Schedule A.

112. As a result of the foregoing, Defendants named herein within this Count V have been unjustly enriched.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Abisleimans, Nadia individually, and Nadia as Executrix, as well as Defendant REA, LLC., as follows:

a.   Judgment awarding Plaintiff compensatory damages and pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent on the unpaid contract balance amount owed to Plaintiff until paid in full.

b.   Judgment declaring Plaintiff's contract with Defendants Abisleimans, Nadia, and Nadia as Executrix, terminated and thereby, discharging Plaintiff from any and all duties and liabilities.

c.   Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT VI

### (Quantum Valebant)

113. The allegations contained in the General Allegations, Counts I through V are repeated and re-alleged as if fully set forth herein.

114. Defendants, Abisleimans, Nadia, and Nadia as Executrix, have promised to pay Plaintiff the fair and reasonable value of the services supplied.

115. Plaintiff Kusmick has fully and satisfactorily performed his obligations and billed Defendants, Abisleimans, Nadia, and Nadia as Executrix, for the fair and reasonable value of the services supplied plus accrued interest as per the Contract's terms.

116. Plaintiff Kusmick is owed by Defendants, Abisleimans, Nadia, and Nadia as Executrix, the remaining unpaid balance for the fair and reasonable value of said services supplied.

117. To date, Defendants, Abisleimans, Nadia, and Nadia as Executrix, have failed to fully pay Kusmick the total reasonable value for the services he supplied.

118. There presently remains an unpaid invoiced balances totaling $225,428.94 for the reasonable value for said services.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Abisleimans, Nadia and Nadia as Executrix, as follows:

32

a.     Judgment   awarding   Plaintiff   compensatory   damages   plus pre-judgment and post-judgment interest at the contract rate of 1-1/2 percent per month on the balances owed until paid in full.

b.     Judgment declaring Plaintiff's Contract with Defendants, Abisleimans, Nadia, and Nadia as Executrix, terminated and thereby, discharging Plaintiff from any remaining duties and liabilities.

c.     Judgment for the taxed costs of this action and any further relief that the Court deems just.

### COUNT VII

### (Breach of Covenants of Good Faith and Fair Dealing)

119. The allegations contained in the General Allegation, and Counts I through VI are repeated and re-alleged as if fully set forth herein.

120. As a result of the aforementioned acts, including but not limited to Defendants, Abisleimans' and Nadia's issuing payments to Plaintiff, Defendants Abisleimans' and Nadia's wrongful failure and/or refusal to pay Plaintiff, the outstanding balances due and demanded on its invoiced amounts, Defendants, Abisliemans, and Nadia, have breached the common law covenants of good faith and fair dealing in their contract with Plaintiff.

121. By virtue of the foregoing, Plaintiff has been damaged and continues to be damaged thereby.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Abisleimans, and Nadia, as follows:

a. Judgment awarding Plaintiff compensatory damages plus pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent per month on the unpaid contract balance amount owed until paid in full.

b. Judgment awarding Plaintiff compensatory damages for the remaining invoiced balances totaling $225,428.94.

c. Judgment declaring Plaintiff's Contract with Defendants, Abisleimans, and Nadia, terminated and thereby, discharging Plaintiff from any remaining duties and liabilities.

d. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT VIII

### (Tortious Interference with Contract and Prospective Economic Advantage)

122. The allegations contained in the General Allegation and Counts I through VII are repeated and re-alleged as if fully set forth herein.

123. Kusmick entered into a Contract and Amended Contract with Defendants, Abisleimans, and Nadia, as the Executrix and individually, for Architectural Services. Said Contract and Amended Contract was a protected interest of Kusmick.

34

124. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., were recommended by Defendants, Abisleimans' and Nadia's, Crown Bank which was providing the construction loan financing for the Project.

125. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., assisted with Abisleimans' and Nadia's construction loan financing based on their past business relationship with Crown Bank as well, as Aqeel K's., and Yousuf K's., personal relationship with the Crown Bank's CEO or President.

126. It is believed and therefore alleged that Defendants, MYK, Aqeel K., and Yousuf K., were made of aware by Defendant Abisleimans that Kusmick was the "Architect of Record" for the Project through the unauthorized copying and electronic/transmission and distribution of Kusmick's protected Plans to Defendants, MYK, Aqeel K., and Yousuf K.

127. It is believed and therefore alleged that Defendant MYK is in the business of "General Contracting" which includes within its scope of work, submitting bid proposals to prospective owners for the cost to construct a building project, performing construction operations to build the contracted project, and any other work normally found within the industry of "General Contracting."

128. It is believed and therefore alleged that Defendants, Aqeel K., and Yousuf K., upon receiving Kusmick's protected Plan's

from Defendants, Abisleimans, and Nadia, as the Executrix and individually, did not submit any construction bid proposal to the Abisleimans and Nadia, for the construction of the Project, however induced Defendants, Abisleimans, and Nadia, to contract with MYK as a General Contractor for the Project with the proviso that the Abisleimans and Nadia, hire MYK's architect and structural engineer, Defendants, GRO's, Garber's, and Robertson's along with Defendants, Zee and and Chowdry.

129. It is believed and therefore alleged that MYK also required the Abisleimans and Nadia, to hire other unknown MYK recommended, Consulting Engineers 1-10, and unknown John and Jane Does 1-10.

130. It is believed and therefore alleged that Defendants, Abisleimans and Nadia, did not seek any other construction bid proposals from other General Contractors, or Construction Managers to construct the Project, and only accepted MYK's inducement, noted herein within this Count VII, to construct the Project MYK's way by supervising and controlling the Consulting Structural Engineer and Architect, named herein, as well as other unknown Engineering Consultants and John and Jane Does, hired by Defendants, Abisleimans and Nadia.

131. It is believed and therefore alleged that Defendants, Aqeel K., and Yousuf K., acting as agent, officers, and/or employees

of MYK, acting outside of their respective scope of work for MYK.

132. It is believed and therefore alleged that Defendants, Aqeel K's., and Yousuf K's., conduct, acting outside of their respective scope of work for MYK, was with malice and with intentional interference of Kusmick's protected interest without justification.

133. It is believed and therefore alleged that Defendants, MYK's, Aqeel K's., and Yousuf K's., conduct to requiring the Abisleimans and Nadia, to hire MYK's Architect and Consulting Structural Engineer, i.e. Defendants, GRO, Garber and Robertson, and Defendants, Zee, and Chowdry, interference caused the loss of Kusmick's remaining Contract and prospective gain, thereby resulting in damages to Kusmick.

134. It is believed and therefore alleged that Defendants, GRO, Garber and Robertson, were made of aware by Defendant Abisleimans that Kusmick was the "Architect of Record" for the Project through the unauthorized copying and electronic/transmission and distribution of Kusmick's protected Plans by Defendants, Abisleimans, and Nadia, individually and as Executrix, along with Defendants, MYK, Aqeel K., and Yousuf K.

135. It is believed and therefore alleged that Defendants, GRO, Garber and Robertson, contracted with Defendants, Abisleimans, and Nadia, individually and as Executrix, to replace Kusmick as the

Architect of Record for the Project.

136. It is believed and therefore alleged that Defendants, GRO's, Garber's and Robertson's, conduct to tortuously interfere with Kusmick Contract was wanton and with malice.

137. It is believed and therefore alleged that Defendants, GRO's, Garber's and Robertson's, interference caused the loss of Kusmick's remaining Contracted scope of work, and prospective economic advantage, thereby resulting in damages to Kusmick.

**WHEREFORE**, Plaintiff demands judgment against Defendants, MYK, Aqeel K., Yousuf K., along with Defendants, GRO, Garber, and Robertson, for their tortious interference of Kusmick protected interest and prospective economic advantage as follows:

a. Judgment declaring Defendants, MYK, Aqeel K., Yousuf K., along with Defendants, GRO, Garber, and Robertson, tortiously interfered with Kusmick's Contract relations with the Abisleimans and Nadia, individually and as Executrix.

b. Judgment declaring Defendants, MYK's, Aqeel K's., and Yousuf K's., along with Defendants, GRO's, Garber's, and Robertson's, conduct to tortiously interfered with Kusmick's Contract relations with the Abisleimans and Nadia individually, and Nadia as Executrix, was done with malice.

c. Judgment awarding Plaintiff compensatory damages and punitive damages against Defendants, MYK, Aqeel K., and Yousuf K.,

along with Defendants, GRO, Garber, and Robertson, for their tortious interference of Kusmick's protected interest or Contract relations and prospective economic advantage on the remaining Contracted scope of work of the Project.

d.   Judgment awarding Plaintiff pre-judgment and post-judgment interest.

e.   Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

### JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Plaintiff, pro se, hereby demands a trial by jury on all counts.

Dated: April 18, 2023

_____
Jeffrey W. Kusmick, Plaintiff